**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA MCGOWAN;<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>GATEWAY HEALTH, LLC;<br><br>　　　　*Defendant.* | **JURY TRIAL DEMANDED**<br><br>Civil Action<br><br>No. __2:21-cv-1236_____ |

## <u>COMPLAINT</u>

Plaintiff, by and through her undersigned counsel, files this Complaint averring that Defendant violated her rights pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, <u>et seq</u>. ("ADA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, <u>et seq</u>. ("FMLA"), as follows:

## <u>Parties and Jurisdiction</u>

1. Plaintiff Jessica McGowan ("Plaintiff") is an adult individual residing in Pittsburgh, Pennsylvania 15216.

2. Upon information and belief, Defendant Gateway Health, LLC ("Defendant") is a Pennsylvania Limited Liability Company with its headquarters and principal place of business located at 444 Liberty Avenue, Suite 2100, Pittsburgh, Pennsylvania 15222.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and

employees, each of whom acted in the course and scope of their employment with and for Defendant.

4. Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A", a true and correct copy of the "Notice of Rights" issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the ADA and FMLA.

6. Jurisdiction is conferred by 28 U.S.C. § 1331 and § 1343.

7. Venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28. U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff was working in the Western District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

## Factual Background

8. Plaintiff began her employment with Defendant on or about June 29, 2015.

9. At the time of her termination of employment by Defendant, Plaintiff held the position of Senior Customer Service Agent.

10. Plaintiff is disabled in that she suffers from Diabetes I, Neuropathy, Carpal Tunnel Syndrome, and Bi-Polar Disorder I.

11. On or about May 26, 2020, Plaintiff simultaneously utilized Short Term Disability leave and FMLA leave due to her disabilities.

12. Defendant's agent for Short Term Disability is Absence One.

13. On or about June 23, 2020, Plaintiff attempted to return to work from her leave of absence.

14. Upon her attempt to return to work, Defendant informed Plaintiff that they had not yet received her return-to-work form from her physician.

15. Plaintiff then contacted her physician's office to confirm that the form was sent, which they confirmed it was sent to Absence One and Sherry LNU in Defendant's in-house "Leave Services".

16. On or about July 14, 2020, Plaintiff contacted Sherri, but Sherri informed Plaintiff that she could not return until the letter was sent to Defendant.

17. Plaintiff requested from her physician that the letter be sent to Plaintiff directly so she could provide it to Defendant personally. Plaintiff received the requested letter on or about July 24, 2020.

18. On or about July 23, 2020, Plaintiff received a letter from Defendant, dated July 21, 2020, stating that she voluntarily resigned due to job abandonment, effective July 20, 2020, for failing to report to work without following the proper call-off procedures for three consecutive days.

19. Plaintiff's last communication with Defendant, prior to receiving the July 21, 2020 letter, was with Sherri on July 14, 2020, and at no time was Plaintiff informed that she was scheduled to work.

20. It was not until after receiving the July 21, 2020 letter that Plaintiff discovered that Defendant scheduled her to work on July 16, 2020, July 17, 2020, and July 18, 2020.

21. On July 24, 2020, Plaintiff immediately attempted to contact Diana Vodzek (Human Resources Business Partner) and Doug Whalen (Manager) to explain what occurred, but could not reach either and left voicemails for both individuals.

22. On or about July 27 or 28, 2020, Plaintiff received a voicemail from Ms. Vodzek.

23. During a series of exchanged voicemails, Ms. Vodzek suggested a meeting between Plaintiff and Defendant, and Plaintiff agreed.

24. The meeting was never scheduled despite Plaintiff's attempts to discuss and meet with Defendant.

25. Plaintiff followed up again with Ms. Vodzek to request additional information on her termination, but Ms. Vodzek refused to provide anything additional.

## Causes of Action

### Count I
### Unlawful Discrimination Based on Disability
### in Violation of the ADA

26. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

27. As a result of Plaintiff's medical conditions, Diabetes I, Neuropathy, Carpal Tunnel Syndrome, and Bi-Polar Disorder I, she is "disabled" as such term is defined by the ADA.

28. At all times material hereto, Plaintiff was a "qualified individual" as such term is defined by the ADA.

29. Defendant is an "employer" as such term is defined by the ADA.

30. Plaintiff suffered an adverse employment action by Defendant.

31. Plaintiff's disabilities were a determinative factor in Defendant's decision to take adverse action against Plaintiff.

32. Defendant's alleged reasoning for Plaintiff's separation from employment is pretextual.

33. Defendant's conduct, as described herein, constitutes a violation of the ADA.

34. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, pain and suffering, consequential

damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

35. Defendant acted with malice or reckless indifference to Plaintiff's rights protected by the ADA, therefore Plaintiff demands punitive damages.

36. Pursuant to the ADA, Plaintiff demands attorneys' fees and court costs.

## Count II
## Unlawful Retaliation in Violation of the ADA

37. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

38. As a result of Plaintiff's medical conditions, Diabetes I, Neuropathy, Carpal Tunnel Syndrome, and Bi-Polar Disorder I, she is "disabled" as such term is defined by the ADA.

39. At all times material hereto, Plaintiff was a "qualified individual" as such term is defined by the ADA.

40. Defendant is an "employer" as such term is defined by the ADA.

41. Plaintiff engaged in activity protected by the ADA when she requested and/or utilized an accommodation for her disabilities.

42. Plaintiff suffered an adverse employment action by Defendant.

43. Defendant took adverse employment action against Plaintiff because she engaged in protected activity.

44. Defendant's alleged reasoning for Plaintiff's separation from employment is pretextual.

45. Defendant's conduct, as described herein, constitutes a violation of the ADA.

46. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, pain and suffering, consequential damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

47. Defendant acted with malice or reckless indifference to Plaintiff's rights protected by the ADA, therefore Plaintiff demands punitive damages.

48. Pursuant to the ADA, Plaintiff demands attorneys' fees and court costs.

## Count III
### Unlawful Retaliation in violation of the FMLA

49. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

50. At all times material hereto, Plaintiff was entitled to the protections or benefits of the FMLA.

51. Plaintiff's medical conditions qualified as a "serious health condition" as such term is defined by the FMLA.

52. Plaintiff worked for Defendant for more than twelve months prior to her request for FMLA, and within the immediately preceding twelve months, worked more than 1,250 hours. Therefore, Plaintiff possessed the requisite length of service and number of hours worked to qualify as an "eligible employee" as such term is defined by the FMLA.

53. Defendant employs fifty or more employees within a seventy-five-mile radius and, therefore, qualifies as an "employer" as such term is defined by the FMLA.

54. Plaintiff requested and/or utilized leave under the FMLA to care for her own serious health conditions, or otherwise exercised her rights under the FMLA, thereby engaged in activity protected by the FMLA.

55. Defendant took adverse employment action against Plaintiff because she engaged in activity protected by the FMLA.

56. Defendant's alleged reasoning for Plaintiff's separation from employment is pretextual.

57. Defendant's conduct, as described herein, constitutes a violation of the FMLA.

58. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, consequential damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

59. Pursuant to the FMLA, Plaintiff demands liquidated damages.

60. Pursuant to the FMLA, Plaintiff demands attorneys' fees and court costs.

### Count IV
### Unlawful Interference With, Restraint, or Denial of Plaintiff's Right to Take Medical Leave in violation of the FMLA

61. Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

62. At all times material hereto, Plaintiff was entitled to the protections or benefits of the FMLA.

63. Plaintiff's medical conditions qualified as a "serious health condition" as such term is defined by the FMLA.

64. Plaintiff worked for Defendant for more than twelve months prior to her request for FMLA, and within the immediately preceding twelve months, worked more than 1,250 hours. Therefore, Plaintiff possessed the requisite length of service and number of hours worked to qualify as an "eligible employee" as such term is defined by the FMLA.

65. Defendant employs fifty or more employees within a seventy-five-mile radius and, therefore, qualifies as an "employer" as such term is defined by the FMLA.

66. Plaintiff was entitled to leave under the FMLA to care for her own serious health conditions.

67. Defendant interfered with, restrained, and/or denied Plaintiff's FMLA rights when it terminated her employment.

68. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, consequential damages, loss of opportunity, and a permanent diminution of her earning power and capacity, and a claim is made therefore.

69. Pursuant to the FMLA, Plaintiff demands liquidated damages.

70. Pursuant to the FMLA, Plaintiff demands attorneys' fees and court costs.

## **Relief Requested**

**WHEREFORE,** Plaintiff Jessica McGowan demands judgment in her favor and against Defendant Gateway Health LLC in an amount in excess of $150,000 together with:

A. Compensatory damages for: including, but not limited to, emotional distress, pain and suffering, economic loss, lost

wages and benefits, lost future earnings, and lost future earning capacity;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys' fees and costs of suit;

E. Interest, delay damages; and

F. Any other further relief this Court deems just, proper, and equitable.

**Law Offices of Eric A. Shore, P.C.**

/s/ Yvette C. Cave

By:  Yvette C. Cave, Esq.
     PA Atty. ID 329607
     600 N. Jackson St., Ste. 201
     Media, PA  19063
     T: (610) 355-1999
     F: (215) 944-6124
     YvetteC@EricShore.com
     *Attorneys for Plaintiff,*
     *Jessica McGowan*

Dated: September 14, 2021